HOGAN LOVELLS US LLP
Michael L. Turrill (Bar No. 185263)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.turrill@hoganlovells.com

Attorneys for Defendant
Ford Motor Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HUGO DE ANDA, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, INC., and DOES 1 to 10, <br><br> Defendant. | Case No. 2:22-cv-04064-ODW-MAA <br><br> The Honorable Otis D. Wright II <br><br> **DEFENDANT FORD MOTOR COMPANY'S REQUEST FOR JUDICIAL NOTICE** |

Pursuant to Federal Rule of Evidence 201, Defendant Ford Motor Company ("Ford") respectfully requests that the Court take judicial notice of (1) the Warranty Guide for 2018 model year Ford vehicles ("2018 Warranty Guide"), *see* Exhibit A to Decl. of M. Turrill; (2) Plaintiff's repair order from the March 15, 2022 dealer visit, *see* Exhibit B to Decl. of M. Turrill; (3) the California Air Resources Board ("CARB")'s Emission Warranty Parts List, as amended February 22, 1985, *see* Exhibit C to Decl. of M. Turrill; (4) excerpts from CARB's 1999 Final Statement of Reasons for "LEVII" Amendments, *see* Exhibit D to Decl. of M. Turrill; and (5) excerpts from CARB's 1998 Initial Statement of Reasons for "LEVII" Amendments, *see* Exhibit E to Decl. of M. Turrill.

## AUTHORITY

Judicial notice of a fact is proper where the fact is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A. The First Amended Complaint Incorporates by Reference Ford's 2018 Warranty Guide and Plaintiff's Vehicle Repair Records.

The Ninth Circuit has held that, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (documents may be considered if their authenticity is not contested and the complaint relies on them). And courts repeatedly have applied that rule to take judicial notice of express warranties. *See Avedisian v. Mercedes-Benz USA, LLC*, No. CV 12-00936 DMG CWX, 2013 WL 2285237, at *1 n.2 (C.D. Cal. May 22, 2013) (taking judicial notice as the complaint referred "extensively to the" defendant's express "warranties"); *see also Johnson v. Nissan N. Am., Inc.*, 272 F.Supp.3d 1168, 1176 n.5 (N.D. Cal. 2017)

1  (granting judicial notice where plaintiffs' allegations explicitly referred to and
2  relied on the written warranty); *Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013
3  WL 6698762, at *3 n.1 (N.D. Cal. Dec. 19, 2013) (taking judicial notice of
4  defendant's warranty).

5  Under this standard, judicial notice of (1) the 2018 Warranty Guide, and (2)
6  the March 15, 2022 repair order is appropriate.  The First Amended Complaint's
7  (FAC's) allegations refer to and rely upon the California Emission Control System
8  Warranty, which is an express warranty that Ford offers under the terms described
9  in its 2018 Warranty Guide.  For example, the FAC alleges that Ford impermissibly
10 limits the scope of this express warranty by identifying some, but supposedly not
11 all, of the components that should be eligible for coverage.  *See*, *e.g.*, FAC ¶¶ 6, 13,
12 14, 53, 54; *see also, e.g.*, FAC ¶ 56 (alleging what Ford supposedly "omitted from
13 warranty booklets"); FAC ¶ 131 (similar).  Judicial notice of the Warranty Guide
14 thus is appropriate.

15 Similarly, the FAC's allegations also refer to and rely upon the content of the
16 repair order for the March 15, 2022 vehicle service visit from which this suit arises.
17 Indeed, the FAC describes and even *directly quotes* the document to support
18 Plaintiff's allegations.  *See, e.g.*, *id.* ¶ 45 (quoting repair order); *id.* ¶ 49 (describing
19 what "[t]he work order related to the repair attempt indicated").  Plaintiff's central
20 assertion regarding the scope of CARB warranty provisions as applied to the
21 vehicle service and attempted repair described in this document explicitly relies on
22 this document for support.  *See id.* ¶¶ 45–50.  The FAC's reliance on this document
23 renders proper the Court's consideration of it when ruling on the motion to dismiss.
24 *Lee*, 250 F.3d at 688.
25 //
26 //
27 //
28 //

**B. The Court Should Take Judicial Notice of CARB's Statements of Reasons and CARB Documents Regarding Vehicle Components Subject to the Emission Control System Warranty.**

"A court may . . . 'take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Ortiz-Luis v. Fed. Home Loan Mortg. Corp.*, No. 21-CV-989-CAB-AHG, 2021 WL 3533059, at *2 (S.D. Cal. Aug. 11, 2021) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)). For this reason, "government documents and documents available on government websites are generally judicially noticeable." *Dimas v. JPMorgan Chase Bank, N.A.*, No. 17-CV-05205-LHK, 2018 WL 809508, at *6 (N.D. Cal. Feb. 9, 2018). Here, Exhibits C, D, and E are government documents publicly available on CARB's website. Judicial notice is appropriate. *See In re Reformulated Gasoline (RFG) Antitrust & Patent Litig.*, No. CV 05-1671 CSA VBKX, 2006 WL 7123690, at *1 n.3 (C.D. Cal. June 21, 2006) (taking judicial notice of "CARB's Final Statement of Reasons dated October 1992").

The FAC also underscores the relevance of these documents to Plaintiff's allegations. The FAC repeatedly references the same subject matter that these Statements of Reasons discuss—namely, CARB's warranty requirements for high-cost emissions parts. *See*, *e.g.*, FAC ¶¶ 5–8, 95–101. Moreover, relevant CARB regulations incorporate CARB's 1985 Emission Warranty Parts List. *See, e.g.*, 13 C.C.R. § 2036(f) (discussing "the Air Resources Board 'Emissions Warranty Parts List,' . . . incorporated herein by reference"); 13 C.C.R. § 2035(c)(3)(A) (incorporating Emissions Warranty Parts List under 13 C.C.R. § 2036(f)). These CARB documents are judicially noticeable.

## CONCLUSION

For the foregoing reasons, Ford respectfully requests that the Court grant its Request for Judicial Notice as to Exhibits A, B, C, D, and E to the Declaration of Michael L. Turrill.

| | | |
|---|---|---|
| 1 | Dated: October 19, 2022 | HOGAN LOVELLS US LLP |
| 2 | | |
| 3 | | By: /s/ Michael L. Turrill |
| 4 | | Michael L. Turrill (SBN 185263)<br>Attorneys for Defendant<br>FORD MOTOR COMPANY |